**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| **Michael Adam Bailey, #323554,**     ) | **Case No. 2:16-cv-3555-TMC-MGB** |
| )  | |
| **Petitioner,**     ) | |
| )  | |
| v.     ) | |
| )  | **REPORT AND RECOMMENDATION** |
| **Warden, Broad River Correctional**     ) | |
| **Institution,**     ) | |
| )  | |
| **Respondent.**     ) | |
| )  | |
| _____)  | |

Petitioner Michael Adam Bailey has filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254. (DE# 1). Petitioner is proceeding *pro se* and *in forma pauperis*. Petitioner is a state prisoner and thus, is entitled to the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was deemed "filed" when delivered to prison authorities for forwarding to the court). Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Having carefully reviewed the record and applicable authority, the Magistrate Judge recommends that the Petition is untimely and should be **dismissed with prejudice** for the following reasons:

**I. Background**

In 2005, a Horry County Grand Jury indicted Petitioner on state criminal charges, including murder. (DE# 1-1 at 50-51). After a jury trial in the Horry County Court of Common Pleas, the jury found him guilty of murder. The other criminal charges (armed robbery, kidnapping, burglary)

were disposed of by the prosecutor's entry of "Nolle Prosequi."[1] The state court judge sentenced Petitioner on September 13, 2007 to thirty (30) years of imprisonment. On direct appeal, the South Carolina Court of Appeals affirmed the conviction by unpublished opinion on June 10, 2010. (*See State v. Bailey*, Op. No. 2010-UP-306 (S.C.Ct.App. June 10, 2010); and see DE# 1-1 at 10, copy of appellate opinion). In his petition, the Petitioner does not indicate that he sought rehearing within fifteen days. See South Carolina Appellate Court Rule ("SCACR") 221. He does not indicate that he filed a petition for writ of certiorari in the Supreme Court of South Carolina regarding his direct appeal pursuant to SCACR 242(c). (DE# 1, ¶ g). Petitioner acknowledges he did not seek further review from the United States Supreme Court. (DE# 1, ¶ 9h).

On June 10, 2011, Petitioner (through counsel) filed an application for state post-conviction relief ("PCR"). After a hearing,[2] the state court denied relief on January 30, 2014.[3] Petitioner (through counsel) filed a petition for certiorari (DE# 1-1 at 12-34), which the Supreme Court of South Carolina denied on November 3, 2015 (DE# 1-1 at 49, Order). According to public records, the remittitur was filed on November 23, 2015.[4] In South Carolina, an appeal is final when the remittitur is filed in the circuit court. *See Beatty v. Rawski,* 97 F.Supp.3d 768, 780 (D.S.C. July 12, 2015), *appeal dism'd by* 633 F.App'x 832 (4th Cir. Feb. 29, 2016); *Drake v. Boulware,* Case No. 8:15-cv-04658-RMG-JDA, 2016 WL 6304679, *2 (D.S.C. Oct. 27, 2016). The AEDPA's statute of limitations remained tolled until the date remittitur is filed. See, e.g., *Rivera v. Lewis*, Case No. 5:16-00837-MGL-KDW, 2016 WL 7367948, *11 (D.S.C. Nov. 9, 2016), *adopted by* 2016 WL

---

[1] See http://publicindex.sccourts.org/Horry/PublicIndex/CaseDetails. Site last checked January 11, 2017.

[2] Petitioner was represented in post-conviction proceedings by attorney J. Marshall Biddle. (DE# 1 at 13, ¶ 16).

[3] According to the Warden's brief, the Order denying PCR relief was signed January 30, 2014 and filed February 3, 2014. (DE# 1-1 at 37). The Horry County Public Index confirms such filing date.

[4] See http://publicindex.sccourts.org/Horry/PublicIndex/CaseDetails. Site last checked January 11, 2017.

7338715 (D.S.C. Dec. 19, 2016); *Lyles v. Reynolds*, Case No. 6:15-cv-4229-RMG-KFM, 2016 WL 4940319, *3 (D.S.C. Sept. 14, 2016).

On November 3, 2016, Petitioner's mother (Rose Bailey) filed a federal habeas petition on behalf of her son. (DE# 1, totaling 157 pages). The Petitioner was not signed by the Petitioner, but his mother indicated that her son "knew about it." In response to the Court's Proper Form Order of November 7, 2016 (DE# 3), Petitioner submitted his own signature page. (DE# 1-4, attachment added on December 5, 2016).[5] The record reflects that Petitioner mailed his signature page on November 30, 2016 (DE# 1-5, mailing envelope), and that the Clerk of Court received and docketed the signature page on December 5, 2016.[6]

On December 6, 2016, the Magistrate Judge entered a Show Cause Order (DE# 9), giving Petitioner twenty-one (21) days (plus three days for mail time) to file a factual explanation as to why his petition should not be dismissed as time-barred, based on the application of the one year limitation period established by 28 U.S.C. § 2244(d). Petitioner did not timely respond to the Court's Show Cause Order. Petitioner's mother called the Clerk of Court on January 6, 2017 to advise that she had spoken with Petitioner that day, that the prison had been on lockdown, and that Petitioner had told her he would mail his response to the Show Cause Order that day. She called again on January 17, 2017, indicating that she would notify her son to mail another response "since the other one may have gotten lost in the mail." To date, no response has been received by the Clerk of Court. More than thirty (30) days have passed since a response to the Show Cause Order

---

[5] The Proper Form Order advised that a *pro se* party (such as Petitioner's mother) may not bring claims on behalf of other persons (such as her son). (See DE# 3).

[6] The prisoner "mailbox rule" applies only to documents filed by an inmate (i.e. Petitioner), not to a document filed by his mother, who is not incarcerated. The Petition was filed in the docket on November 3, 2016. This would appear to be the filing date, as Petitioner later provided his signature and adopted the petition as his own. Regardless, any minor discrepancy in the filing date would not affect the result here because Petitioner has exceeded the period of limitations by approximately eleven months.

was due. Although a response to the Show Cause Order was due in December 2016, it is now February 2017 and no response has been received by the Clerk of Court. Plaintiff has been given ample time to comply with the Show Cause Order.

## II. Discussion

### A. Whether the Petition was Timely Filed

Review of the petition reflects that Petitioner has not timely filed the § 2254 petition within the applicable one year period of limitations. The standard pre-printed habeas form requests information concerning the timeliness of filing of the § 2254 petition, as follows:

> TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.

The question ends with a footnote that contains the relevant part of 28 U.S.C. § 2244(d), as follows:

> The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:
>
> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id*. Petitioner did not respond to the timeliness question and left the form blank. (DE# 1 at 13, ¶ 18). For relief, Petitioner asks to be released from custody, or alternatively, for the "the 20 year plea that would have been offered if Prosecutor had kept the plea on the table." (*Id*. at 15).

A conviction generally becomes "final" for purposes of § 2244(d)(1)(A) when the time for seeking further review expires. *See Gonzalez v. Thaler,* 132 S.Ct. 641, 652– 654 (2012). Pursuant to 28 U.S.C.A. § 2244(d)(1)(A), the one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired, unless one of the circumstances enumerated by the statute is present and starts the clock running at a later date. After Petitioner's conviction was affirmed on direct appeal, Petitioner did not seek rehearing pursuant to SCACR 221(a). Thus, his conviction was final fifteen days later on June 25, 2010. *See e.g., Lewis v. Cartledge*, Case No. 1:12-cv-2584-SB-SVH, 2014 WL 517469 (D.S.C. Feb. 6, 2014) (explaining that "Petitioner did not petition the Court of Appeals for rehearing, and therefore, his conviction became final … after the time for filing a petition for rehearing expired … no later than fifteen days after the filing of the opinion or order of the court"), *appeal dism'd*, 575 F.App'x, 113 (4th Cir. 2014).[7]

After Petitioner's conviction became final on June 25, 2010, the time (350 days) until he filed a state PCR application on June 10, 2011 was not tolled. This means the 350 days counted

---

[7] If Petitioner had sought rehearing and the South Carolina Supreme Court, had issued a final ruling, the conviction would have been final ninety (90) days later. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002) ("If no petition for a writ of certiorari is filed in the United States Supreme Court, then the limitation period begins running when the time for doing so—90 days—has elapsed."); *Harris v. Hutchinson*, 209 F.3d 325, 328, n. 1 (2000).

toward the one year period of limitations. Upon the filing of his state PCR application, the one-year period of limitations was tolled until November 23, 2015, when remittitur was filed. See 28 U.S.C.A. § 2244(d)(2) (one-year limitations period is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"). In other words, the 350 days from June 25, 2010 (conviction final) until June 10, 2011 (PCR filed) consumed most of the one-year period. After remittitur (on PCR) was filed on November 23, 2015, the one year period of limitations resumed running. The one year period of limitations then expired on December 8, 2015, after the remaining fifteen (15) days of the one year period had passed. The federal petition was not filed until almost a year later on November 3, 2016, approximately eleven months after the period of limitations had expired. (DE#1).

While properly-filed state collateral review tolls the one-year statute of limitations under § 2244(d)(1)(A), *see Artuz v. Bennett*, 531 U.S. 4, 8 (2000), significantly, the federal statute does not establish a right to file within one year after completion of state collateral review. *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000) (specifically rejecting inmate's argument that he had one year from the conclusion of state collateral review to file his federal habeas petition pursuant to 28 U.S.C. § 2254).

The face of the petition indicates that, even with the benefit of statutory tolling, Petitioner filed for federal habeas relief pursuant to 28 U.S.C. § 2254 more than one year after his judgment of conviction became final. Petitioner filed his application for state PCR on June 10, 2011. The trial court denied relief; the Supreme Court of South Carolina denied certiorari on November 3, 2015; and remittitur was filed on November 23, 2015. Hence, the applicable one-year period of limitations (for filing a federal petition for habeas corpus) was tolled by statute from June 10,

2011until state PCR review concluded on November 23, 2015. (DE# 1-1 at 49). See 28 U.S.C.A. § 2244(d)(2) (one-year limitations period is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending").

Petitioner has shown no basis for any equitable tolling (and none is apparent from the record). A petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010); *see also McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013) (discussing actual innocence as an "equitable exception" to § 2244(d)(1)); *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004). Petitioner has not pointed to any "extraordinary circumstance" that prevented him from timely filing his federal petition during the limitations period. "Prison lockdown does not generally qualify as an extraordinary event entitling a prisoner to equitable tolling." *Dill v. Workman*, 288 F. App'x 454, 457 (10th Cir. 2008) (dismissing appeal).

Petitioner has not shown that he diligently pursued his claims. Petitioner's apparent belief that he had one year from the conclusion of PCR review to file his federal habeas petition is based on a misapprehension of the law. The Fourth Circuit Court of Appeals has specifically rejected such legal interpretation. *See Harris*, 209 F.3d at 327 (rejecting argument "that the one-year period does not commence until the conclusion of state post-conviction proceedings"). Petitioner's legal interpretation of the applicable federal statute provides no basis for equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("Sosa's misconception about the operation of the statute of limitations is neither extraordinary nor a circumstance external to his control"). Petitioner's mistake of law provides no basis for equitable tolling. *Id*.

In sum, review of the record indicates that even with the benefit of statutory tolling, Petitioner filed for federal habeas relief pursuant to 28 U.S.C. § 2254 almost one year beyond the expiration of the one year period of limitations. Therefore, this Petition should be dismissed as time-barred. *See Day v. McDonough*, 547 U.S. 198, 208 (2006) (district courts may *sua sponte* consider the timeliness of state prisoner's habeas petition); *Braxton*, 277 F.3d at 707 (holding that habeas court had discretion to *sua sponte* dismiss habeas petition for untimeliness, provided that notice and opportunity to respond is provided). The present Petitioner has been afforded ample notice and opportunity to respond to the Court's Show Cause Order.

### B. **Whether the Petitioner is Entitled to a Certificate of Appealability**

Title 28, Section 2253(c)(1)(A) provides in relevant part: "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).

Here, the dispositive procedural ruling is not debatable. The applicable statute, 28 U.S.C.A. § 2244(d)(2), provides that the one-year limitations period is tolled during "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." The statute does not establish a right to file within one year after completion of state collateral review. *Harris*, 209 F.3d at 328. Based on the record before the Court, Petitioner appears to have exceeded the applicable one-year period of limitations. As

his § 2254 petition is untimely, it is subject to dismissal. The law on this subject is binding and well-settled. Therefore, Petitioner is not entitled to a certificate of appealability.

Accordingly, the Magistrate Judge recommends that the Petition (DE#1) is time-barred and should be **dismissed with prejudice**. It is further recommended that a certificate of appealability be **denied**.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

February 3, 2017
Charleston, South Carolina

Petitioner's attention is directed to the **important notice** on the following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).